811 So.2d 450 (2001)
Randolph Scott WILLIS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-00648-COA.
Court of Appeals of Mississippi.
September 18, 2001.
Rehearing Denied November 20, 2001.
Certiorari Denied March 21, 2002.
*452 Kevin Dale Camp, Elizabeth Windsor, Attorneys for Appellant.
Office of the Attorney General by Charles W. Maris, Jr., Attorney for Appellee.
Before McMILLIN, C.J., BRIDGES, and MYERS, JJ.
McMILLIN, C.J., for the Court:
¶ 1. Randolph Scott Willis seeks to have his conviction for marijuana possession reversed on the ground that (a) the trial court did not require the State to prove it had probable cause to obtain the search warrant that ultimately led to Willis's arrest, (b) certain aspects of his trial were not transcribed and made a part of the record on appeal, and (c) he received ineffective assistance of counsel on the basis that his trial attorney was ill-prepared to go to trial. Finding no merit in Willis's issues, we affirm his conviction.

I.

Search Warrant
¶ 2. On the day of Willis's arrest, as officers were in the process of serving a warrant authorizing a search of his residence for illegal drugs, Willis was observed by a law enforcement officer fleeing from the back door of his residence. The officer gave chase and observed Willis throw aside a plastic grocery bag as he fled. The officer retrieved the bag and the contents were later determined, through appropriate scientific analysis, to contain marijuana. At trial, Willis's counsel, during cross-examination of one law enforcement official, sought to inquire as to whether the confidential informant who provided the information by which the search warrant was obtained had a prior criminal record. The trial court did not allow that inquiry.
¶ 3. In this appeal, Willis alleges this to be error. However, at trial, Willis made no effort to have the search warrant suppressed as having been issued without probable cause. This would have been the proper procedure to bring before the trial court the reliability of a confidential informant. Roundtree v. State, 568 So.2d 1173, 1177 (Miss.1990). A contemporaneous objection to the admission of evidence is necessary in order to preserve that issue for consideration on appeal. Alford v. State, 760 So.2d 48, 52 (Miss.App.2000). Instead, the unidentified confidential informant's reliability was attacked through cross-examination of a law enforcement official after the officer had testified to the fact of the warrant and the steps the officers took as a result of the issuance of the warrant.
¶ 4. There is a second and more fundamental flaw in Willis's argument. The contraband drugs were not obtained directly through a search of Willis's residence conducted under authority of the search warrant. Rather, the bag containing the drugs was abandoned by Willis as he fled the scene and subsequently retrieved by the officer giving chase. There was ample evidence that Willis had begun his flight upon the first appearance of the officers at his residence, even before they formally announced that they were there to search the premises. Whether, under these circumstances, Willis would have been entitled to have the evidence suppressed even had he succeeded in demonstrating the invalidity of the search warrant under some sort of "fruit *453 of a poisonous tree" argument is, at best, problematic.
¶ 5. In actuality, a review of Willis's proffer of evidence and his argument in his brief make it clear that what he hoped to gain from attacking the reliability of the confidential informant was to inform the jury that another individual had claimed ownership of the drugs in a conversation with the defendant's wife, and that this fact was known by the confidential informant. Certainly, an alleged out-of-court confession made by a third party to the defendant's wife would be inadmissible as hearsay. M.R.E. 801(c), 802. Such hearsay could not, by any logical argument, be rendered admissible under the guise of impeaching the reliability of the confidential informant. This issue is without merit.

II.

Transcript
¶ 6. Willis seeks to have his conviction reversed because the transcript as prepared by the court reporter does not contain a verbatim account of the voir dire of prospective jurors or of certain bench conferences involving the trial court and the attorneys. There is no indication in the record that counsel for Willis noted this alleged shortcoming in the record when he was offered the opportunity to review it prior to its transmission to this Court under Mississippi Rule of Appellate Procedure 10(b)(5). In his brief, Willis argues that the absence of the transcript of these portions of the proceeding from the record is, in itself, evidence that the reporter "did not take down what transpired." We are unconvinced by that argument. There could be other valid explanations for the absence of these parts of the proceedings from the existing transcript and it could well be that, had their omission been timely pointed out, the perceived defect in the record could have been remedied. We find this failure to timely raise the problem with the condition of the record constitutes a waiver of any objection.
¶ 7. Nevertheless, Willis points to no specific occurrence or occurrences during voir dire or during the bench conferences that would have constituted reversible error had the occurrence been properly preserved in the record. Errors in any aspect of the trial proceedings, which necessarily include the compilation of the record of the trial for appellate review, can normally form the basis for reversal of a conviction only on a showing of some prejudice to the defendant that serves to deny him a fundamentally fair trial. Flowers v. State, 773 So.2d 309, 327 (Miss.2000). In the absence of an allegation of some specific prejudice, we would not reverse even were we to conclude that the omissions from the record were done in error.

III.

Ineffective Assistance of Counsel
¶ 8. Finally, Willis argues that he was denied the effective assistance of counsel guaranteed him under the Sixth Amendment because his attorney did not have adequate time to prepare for trial. No motion for continuance on that basis was made and no specific failing on the part of defense counsel appears in this record that would demonstrate his ineffectiveness. Any inquiry into prejudice arising out of lack of time to adequately prepare for trial would, of necessity, involve the development of evidence not presently in the recordsuch as the existence of exculpatory evidence that went undiscovered due to the press of time. Such factual inquiries cannot be undertaken by an appellate court whose area of inquiry is limited to a review of the record from the trial court. Saucier v. State, 328 So.2d 355, 357 (Miss. *454 1976). In recognition of this fact, the Mississippi Supreme Court has said that, when an ineffective assistance of counsel claim of this nature is raised on direct appeal, the proper resolution is to deny relief without prejudice to the defendant's right to assert the same claim in a post-conviction relief proceeding. Read v. State, 430 So.2d 832, 837 (Miss.1983). Finding this to be the appropriate resolution of this claim, we decline relief. However, we do so without prejudice to Willis's right to assert his claim of ineffective assistance in a subsequent appropriate proceeding. Id.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY OF CONVICTION OF POSSESSION OF MARIJUANA AND SENTENCE OF THREE (3) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, and CHANDLER, JJ., CONCUR. BRANTLEY, J., NOT PARTICIPATING.