836 So.2d 798 (2002)
Allen Gray SHEELY, Sr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-01121-COA.
Court of Appeals of Mississippi.
August 20, 2002.
Rehearing Denied October 29, 2002.
Certiorari Denied January 30, 2003.
*799 Mack A. Bethea, Gulfport, for Appellant.
Office of the Attorney General by John R. Henry, Jr., Booneville, for Appellee.
Before SOUTHWICK, P.J., LEE, and MYERS, JJ.
SOUTHWICK, Presiding Judge, for the court.
¶ 1. Allen Gray Sheely was found guilty of touching a child for lustful purpose by a Harrison County Circuit Court jury. Sheely appeals arguing that the evidence was inadequate, that his rights against self incrimination were violated, that the trial court allowed an improper jury instruction, and that the lower court refused to grant a necessary instruction. We find no error and affirm.

*800 STATEMENT OF FACTS
¶ 2. Because of the nature of the crime charged, we will not refer to the victim by name. The precise date of the assault is unknown. The victim came forward in June 1998, when the then ten-year old girl was living with her parents in a Gulfport, Mississippi apartment complex. The child testified at trial that she had been playing in the parking lot when she noticed Gulfport Police Officer, Barry Touart, park and exit his marked police car. The girl knew that Officer Touart lived in the apartment complex. She testified that she trusted him and therefore went to speak to him.
¶ 3. Officer Touart testified that he had just gotten off shift and parked his vehicle when the young girl approached. She confided in him about an incident that occurred with Sheely. Upon hearing the nature of the allegation, Officer Touart immediately took the girl to his apartment and contacted his supervisor. It appears that at least five weeks elapsed between the date the incident occurred and when the girl reported it to Officer Touart.
¶ 4. Kevin Jackson, a detective for the Gulfport Police Department, was dispatched to the girl's apartment. The girl, her parents and several other children were present when he arrived. After obtaining some initial information, Detective Jackson conducted a more thorough interview at the police station. During the interview the girl disclosed that Sheely, who was a friend of the family, had exposed himself to her at his residence and asked her to play with his penis. The girl refused. Sheely masturbated until he ejaculated and then "rubbed himself against her and asked her to give him a bath." She only participated in washing his back. She never went to visit Sheely again.
¶ 5. Sheely was arrested and later indicted for the felony of unlawful touching of a child.
¶ 6. At trial, Sheely's defense consisted of his testimony and that of a urologist, Dr. Thad C. Carter. Carter at the time of this incident was treating Sheely for condyloma, better known as venereal warts. Dr. Carter testified that Sheely's condition was characterized by large lesions and mushroom-like masses in his groin area, specifically around his scrotum. Dr. Carter testified that these lesions were surgically removed on June 12th or 13th, and in his medical opinion it would have been impossible for Sheely to perform the acts that the girl alleged. Approximately nine days after his arrest, Sheely made his initial complaint to Dr. Carter that he was having problems with impotency.
¶ 7. Sheely was found guilty and sentenced to ten years in the custody of the Mississippi Department of Corrections as a sex offender. This is Sheely's appeal.

DISCUSSION

I. Self-Incrimination
¶ 8. Sheely chose to testify at trial. He complains that the State improperly asked him about matters that he did not mention to the police when he was initially confronted with the girl's allegations against him. Specifically, Sheely objected to the State's inquiry into why someone who was arrested for a sex crime never mentioned that he was impotent. The State in part argues that the broad scope of cross-examination permits the questioning. We agree with Sheely that this is not really the issue. The point is whether Sheely's right not to incriminate himself when confronted by the police at the time of his arrest was undermined by the State's subsequent use of that silence.
¶ 9. The Mississippi Supreme Court has found that a prosecutors's repeated reference to a defendant's post-arrest silence, *801 after he had received warnings that he need not answer questions, violated due process. Caston v. State, 1999-KA-01985-SCT (¶ 97), 2002 WL 1038749 (Miss. May 23, 2002), citing Johnson v. State, 596 So.2d 865 (Miss.1992). The rule expressed in such cases is that once a suspect has been given the warnings required in Miranda v. Arizona, 384 U.S. 436, 479, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), then using the exercise of the right to be silent as a club against the accused at trial undermines the right not to incriminate oneself. Doyle v. Ohio, 426 U.S. 610, 617, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). A different rule would mean that a new warning would need to be given a person in custody to the effect that "anything you do not say in your own behalf can and will be used against you."
¶ 10. The problem with Sheely's receiving the benefit of the Doyle rule is that he did not exercise his right to remain silent when questioned at the time of arrest. Sheely testified that when he was arrested, he told the officer that his accuser was a bothersome little girl who would often beg for sweets, and that he had just had surgery. Thus we find no infringement on the right of someone who is being subjected to custodial interrogation to remain silent. Instead, we find a jury issue as to the significance of what Sheely said or did not say when arrested. An accused does not have a constitutional right to have his first version of why he is innocent not be used against him.

II. Jury Instructions
¶ 11. The following instruction, S-2, is challenged on appeal:
The Court instructs the Jury that voluntary intoxication is not a defense to a criminal act and therefore, if you believe from the evidence in this case beyond a reasonable doubt that the defendant was intoxicated at the time of the crime, and that this intoxication was voluntary on his part and if you further find beyond a reasonable doubt that the defendant committed the acts charged herein, then you are hereby instructed that intoxication is no defense to said acts and you shall find the defendant Guilty as charged.
¶ 12. Sheely argues that the instruction was inappropriate because intoxication was not offered as a defense to the accusations. A jury instruction should be denied if it misstates the law, is not supported by the evidence, or is stated elsewhere in the instructions. Murphy v. State, 566 So.2d 1201, 1206 (Miss.1990). Sheely claims that there was no evidence in the record that would support such an instruction. But there was.
¶ 13. The victim testified that, at the time of the incident, Sheely had an excessive amount to drink. Although this testimony was uncorroborated, it was properly placed in evidence. Whether Sheely confirmed intoxication or not, there was evidence that could cause jurors to believe that he committed the crime while intoxicated. Therefore the instruction was relevant.
¶ 14. The next instruction, D-6, was denied:
The Court instructs the jury that [the victim] is a child who was ten years of age at the time of the alleged offense. In examining the testimony of [this girl], you should take into consideration the following: (a) the youthfulness of the witness; (b) the capacity and ability to observe events and to recollect and communicate those events; and (c) the capacity and ability to understand questions and to frame and make intelligent answers.
*802 ¶ 15. Jury Instruction D-12 was also denied:
The Court instructs the jury that with respect to the testimony of a child, the testimony should be viewed in the light of the child's age and understanding, the capacity to understand sufficiently, or remember correctly the events to which the witness testified.
¶ 16. It is improper for an instruction to try to shape in this way the jury's evaluation of a young witness's testimony. Sheely admits that the existing case law in our jurisdiction does not support his proposed jury instructions. Goodnite v. State, 799 So.2d 64 (Miss.2001). However, Sheely argues that this is fundamentally unfair.
¶ 17. Sheely cites no authority, but considering that his argument is that all existing authority is wrong and should now be changed, the absence of authority is to be expected and is not fatal. However, we find no logic to the argument. The weight and credibility of a witness's testimony is not easily reduced to a formula such as Sheely proposes. The court's initial instruction stated that jurors were to use their common sense and honest judgment in weighing the testimony of every witness. To single out one particular version of what common sense might require, and apply it to one particular witness, can skew deliberations.
¶ 18. There are a few categories of witnesses where this is allowed. One example is accomplices. Burke v. State, 576 So.2d 1239, 1242 (Miss.1991) (such testimony should be weighed with great caution). We find no reason for a special rule to be created for young witnesses. The common sense manner in which the testimony of a young witness should be viewed is within the understanding of jurors and need not be the subject of an instruction.

III. Weight & Sufficiency of the Evidence
¶ 19. Sheely attacks the sufficiency of the evidence. On appeal, we examine all the evidence introduced at trial. We make that examination in the light favorable to the State, accepting the credible evidence that is consistent with guilt, and making reasonable inferences from the evidence that are consistent with the verdict. Only if after so examining the evidence we become convinced that no reasonable juror could have found guilt beyond a reasonable doubt are we to reverse. McClain v. State, 625 So.2d 774, 778 (Miss.1993).
¶ 20. The young victim testified that Sheely exposed himself to her and asked her to play with his genitals. She testified that Sheely "got on me and finished it and rubbed it against me." The victim gave a vivid description of Sheely genitalia and the fact that he had lesions in this area. This information was corroborated by the defense's own witness, Dr. Carter, who testified that Sheely suffered from venereal warts in the area that the girl had described and that these lesions were surgically removed around the time of this incident. The victim was not able to say precisely when she was assaulted. Sheely sought to explain the girl's knowledge of the male anatomy by establishing that previously someone had made her watch pornography. That may not have been especially exculpatory since the girl knew of Sheely's anatomy, warts and all.
¶ 21. Other testimony that Sheely argues should have required acquittal came from Dr. Carter. He testified that Sheely was physically incapable of performing the acts of which he was accused. On cross-examination Dr. Carter admitted that he had no objective basis for his opinion. Instead, he had relied on what Sheely had told him. The testimony was also undermined by the fact that Dr. Carter initially *803 saw Sheely on June 6, 1998, and then later in the same month. However it was not until July 1, 1998, that Sheely complained about being impotent. That last date is relevant since it was nine days after he was arrested for this crime.
¶ 22. We agree with Sheely that the victim's explanations of what he was wearing when the incident took place were inconsistent. The jurors well could have decided that the discrepancies were based on faulty memory or the stress of the trial and did not arise from fabrication.
¶ 23. Sheely also argues that the overwhelming weight of the evidence was contrary to the verdict.
In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal.
Cross v. State, 759 So.2d 354, 356 (Miss. 1999).
¶ 24. The victim testified to what transpired. She was not significantly impeached or otherwise discredited. That is enough. Collier v. State, 711 So.2d 458, 462 (Miss.1998).
¶ 25. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY OF CONVICTION OF TOUCHING A CHILD FOR LUSTFUL PURPOSES AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND ADJUDICATION AS A SEX OFFENDER IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.