880 So.2d 1074 (2004)
Charles Edward WALKER, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-KA-02132-COA.
Court of Appeals of Mississippi.
August 3, 2004.
*1076 Austin R. Nimocks, Biloxi, attorney for appellant.
Office of the Attorney General by Scott Stuart, attorney for appellee.
Before SOUTHWICK, P.J., MYERS and CHANDLER, JJ.
SOUTHWICK, P.J., for the Court.
¶ 1. A Harrison County Circuit Court jury convicted Charles Edward Walker of possession of cocaine. On appeal, he argues that his trial counsel was ineffective, that the court erred in failing to give a certain jury instruction, and that the evidence was insufficient. We disagree and affirm.
¶ 2. In May 2002, Walker was arrested because of his failure to pay certain municipal fines. He was taken to the Harrison County jail. During a search, Walker removed the contents of his pockets and placed them on a counter. In those contents, the jailers discovered a plastic bag containing cocaine, which was folded inside some of his currency.
¶ 3. After a September 2003 trial, a jury found Walker guilty of possession of 0.1 grams of cocaine. He was sentenced to serve a term of five years as a habitual offender in the custody of the Mississippi Department of Corrections. Walker appeals.

DISCUSSION

1. Ineffective assistance of counsel
¶ 4. Walker's appellate counsel claims on appeal that he rendered ineffective assistance to his client as trial counsel. This is, "in essence, the attorney claiming his own ineffectiveness." Minnick v. State, 551 So.2d 77, 98 (Miss.1988) (overruled on other grounds by Minnick v. Mississippi, 495 U.S. 903, 110 S.Ct. 1921, 109 L.Ed.2d 285 (1990)). On at least one occasion, this Court has commented on the problematic issues that arise when the attorney who represented a criminal defendant at trial then represents that same defendant on appeal in a claim that the attorney's own performance was ineffective. Hill v. State, 749 So.2d 1143, 1149-50 (Miss.Ct.App.1999). We do not explore those problems today.
¶ 5. In addition to issues that can arise depending on who is challenging attorney effectiveness, there can be additional problems because of when the challenge is made. Usually, ineffective assistance of counsel is not a matter to be brought on the direct appeal from a conviction. The arguments more frequently should be brought as part of a post-conviction relief claim since there is likely insufficient evidence in the trial record to evaluate the claim:
In recognition of this fact [that the record may be inadequate], the Mississippi Supreme Court has said that, when an ineffective assistance of counsel claim of this nature is raised on direct appeal, *1077 the proper resolution is to deny relief without prejudice to the defendant's right to assert the same claim in a post conviction relief proceeding. Read v. State, 430 So.2d 832, 837 (Miss.1983).
Willis v. State, 811 So.2d 450, 454 (Miss.Ct.App.2001). The merits of an ineffective assistance of counsel issue on direct appeal should be addressed only when "(1) the record affirmatively shows ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding without consideration of the findings of fact of the trial judge." Colenburg v. State, 735 So.2d 1099, 1101 (Miss.Ct.App.1999).
¶ 6. In deciding whether we have enough before us to address the effectiveness of trial counsel, we examine the nature of the claims. There are three general claims. The first arises from about twenty instances in which he failed to object to leading questions by the prosecutor. Those allegedly improper questions and the absence of objections are shown in the record. We therefore examine the question after noting what we are seeking in review of counsel effectiveness.
¶ 7. In determining whether Walker received ineffective assistance of counsel, he must demonstrate that his attorney's performance was defective and that this deficiency deprived him of a fair trial. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Any alleged deficiency is evaluated within the totality of the circumstances. Moore v. State, 676 So.2d 244, 246 (Miss.1996). The burden of proof on both questions is on the defendant, who faces a rebuttable presumption that counsel's performance falls within the broad spectrum of reasonable professional assistance. Chase v. State, 699 So.2d 521, 526 (Miss.1997).
¶ 8. We agree with Walker's counsel that several instances of leading questions exist and no objections were made. The trial judge at one point injected himself into the matter. As a break in the testimony was being taken, the judge stated that the prosecutor should refrain from leading the State's witnesses so much. Leading questions, though, will rarely create so distorted an evidentiary presentation as to deny the defendant a fair trial. After examining the situations in which leading questions were allowed, we find no meaningful prejudice to the accused.
¶ 9. Another claim of ineffectiveness is that no objection was made when the prosecutor in closing argument referred to the fact that Walker, when he was arrested, asserted his right to remain silent. It is error to refer at trial to an accused's silence after arrest, provided that the silence occurred when the suspect was in custody and had been given warnings about the right to remain silent. Caston v. State, 823 So.2d 473 (Miss.2002). If comment could be made at trial about a person's post-arrest silence after being given warnings, then "a new warning would need to be given a person in custody to the effect that `anything you do not say in your own behalf can and will be used against you.'" Sheely v. State, 836 So.2d 798, 801 (Miss.Ct.App.2002).
¶ 10. However, the brief mention of Walker's silence does not descend to the level of plain error affecting a fundamental right. Had an objection and a proper ruling been made, the jurors would have been admonished not to consider Walker's silence. There is no indication on this record that under Strickland, the outcome of the trial would have been different had those steps occurred.
¶ 11. Finally, counsel argues that ineffectiveness is shown by the admission *1078 without objection of certain hearsay. A detective testified about a comment from a sheriff's department deputy that powder cocaine had been recovered from a person who was being processed after arrest. There was substantial other testimony that Walker had cocaine on him when arrested. A scientific analysis provided the evidence that the substance found on Walker was actually cocaine. Nothing in the witness' hearsay added meaningfully or prejudicially to the evidence already before the jury.
¶ 12. There is sufficient evidence in the record to evaluate these claims of counsel ineffectiveness. However, none of them justifies a reversal of Walker's conviction.

2. Directed verdict
¶ 13. Walker claims that the court erred in overruling his motion for a directed verdict because the State failed to prove the quantity of cocaine that he had possessed. He was indicted for possessing 0.1 grams. He claims that a reasonable juror could not infer that the entire 0.1 gram was illegal since the State's crime lab expert testified that she did not know the exact makeup or composition of the substance that she tested. There was no evidence though that the substance was pure cocaine. Presumably included within the powder were other substances that were not contraband. The testimony was that the weight of the cocaine was exactly 0.1 gram.
¶ 14. Walker was convicted and sentenced pursuant to Mississippi Code Section 41-29-139 (Rev.2001). The statute provides that a stated weight "refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance." Miss.Code Ann. § 41-29-139(c)(1)(B) (Rev.2001). The State's crime lab expert analyzed the evidence for the presence of a controlled substance. The expert testified that the analysis proved the presence of cocaine, a Schedule II controlled substance. The weight of the specimen submitted to the crime laboratory was 0.1 gram. That entire weight may be considered in assessing Walker's crime.

3. Jury Instruction
¶ 15. Walker claims that the court erred in failing to give the jury a lesser-included offense instruction regarding the possession of less than 0.1 gram of cocaine. He claims that a fact issue existed regarding the amount of cocaine he was charged with possessing.
¶ 16. The trial judge stated that an instruction "must be supported by some evidence in which would allow the jury to deliberate on the issue as opposed to pure speculation, conjecture, guesswork, or compromise, which the requested instruction would only permit." That is a correct statement of the law. A court may refuse an instruction which contains an incorrect statement of the law, is covered by a granted instruction, or lacks evidentiary foundation. Humphrey v. State, 759 So.2d 368, 380 (Miss.2000). Since the statute under which Walker was convicted makes the entire weight of the mixture the relevant amount, there was no evidentiary support for the instruction that Walker requested. There was no evidence offered that the substance weighed less than 0.1 gram. Therefore, any juror's belief that it might have weighed less would have simply been speculation.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY OF CONVICTION OF POSSESSION OF COCAINE AND SENTENCE OF FIVE YEARS, AS A HABITUAL OFFENDER, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF *1079 THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING, C.J., BRIDGES, P.J., LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.