# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-KA-01052-COA

SHANNON HINTON A/K/A SHANNON ROCHELE HINTON        APPELLANT

v.

STATE OF MISSISSIPPI        APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/03/2019 |
| TRIAL JUDGE: | HON. JON MARK WEATHERS |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: JUSTIN TAYLOR COOK |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALLISON ELIZABETH HORNE |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 09/15/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**McDONALD, J., FOR THE COURT:**

¶1. Shannon Hinton and Natalie Lett were indicted in separate cases for sex crimes against Hinton's niece, "Amy."[1] Lett was charged with sexual battery of the minor, and Hinton was charged as an accessory before the fact and for permitting the continuing sexual abuse of the minor child. Both Hinton and Lett were represented by the Forrest County Public Defender's Office. Prior to trial, Lett entered into a plea agreement in exchange for her testimony against Hinton. Hinton was tried and convicted. The court sentenced Hinton

---

[1] This fictitious name is used to protect the minor victim's identity.

to thirty years in the custody of the Mississippi Department of Corrections, with fifteen years suspended and fifteen years to serve, and placed her on five years of post-release supervision.

¶2.     Hinton appealed, arguing that her Sixth Amendment right to counsel was violated when public defenders from the same office represented both her and Lett.

## Facts

¶3.     The details of the abuse of the minor child, Amy, are not necessary for the resolution of this appeal. There is no dispute about the events that occurred in October and November of 2017; there is no issue raised on appeal concerning Hinton's culpability for her role in the matter.

¶4.     Hinton was indicted as accessory before the fact on November 20, 2018, in the Forrest County Circuit Court. On December 7, 2018, Hinton was found indigent and qualified for representation by the Forrest County Public Defender's Office. Alex Ignatiev was appointed as her lawyer that same day. Lett also qualified for a public defender's representation in her separately-numbered case, and the Forrest County Public Defender's Office appointed Andrew Williams to represent her.

¶5.     Prior to trial, Hinton's attorney filed a motion for discovery to compel the State to provide a copy of a detailed statement Lett had given to the FBI concerning the events or, in the alternative, asked the court to bar Lett from testifying at trial. He also subpoenaed a witness for Hinton, submitted proposed jury instructions, and tried the case. Hinton was aware that Lett had entered into a plea agreement and would testify against her. But Hinton raised no objection throughout the process to her attorney's continued representation of her

or any concern about a possible conflict of interest.

¶6.     On February 26, 2019, Lett entered a guilty plea to the charge of sexual battery in her separate case.  The circuit court accepted her plea that same day and sentenced her accordingly.

¶7.     Hinton was tried on March 27-28, 2019.  At trial, Hinton was represented by Ignatiev and Lindsay Slawson, who also worked for the public defender's office.  Witnesses who testified included Amy, Amy's mother, Lett, and Lieutenant Latosha Myers-Mitchell of the Hattiesburg Police Department.  Through Officer Mitchell, Hinton's written confession was admitted into evidence.  Lett's guilty plea was admitted into evidence as well.  After the State rested its case, Hinton's attorneys moved for a directed verdict, which the circuit court denied.  The court explained to Hinton her right not to testify, which Hinton said she understood.  Hinton chose to testify, and was questioned by Slawson.  She was able to explain to the jury her relationship to Amy over the years and tell her side of the events that transpired.  But on cross-examination by the State, Hinton admitted that she was aware of the abuse, that she aided in providing Lett with access to the minor child, and that she transported the child to stay with Lett.  After the court gave instructions, the jury deliberated and found Hinton guilty of being an accessory before the fact.

¶8.     Ignatiev filed a motion for judgment notwithstanding the verdict or, in the alternative, a new trial.  The circuit court denied the motion on June 4, 2019, and on June 24, 2019, Hinton's attorney filed her notice of appeal.  At that point, the Office of State Public Defender, Indigent Appeals Division, took over Hinton's representation.  On appeal, the only

3

issue raised was not raised to the trial court below: was Hinton denied her Sixth Amendment right to counsel?

## Discussion

¶9.     Hinton contends, for the first time on appeal, that she was denied her Constitutional right to effective assistance of counsel.  However,

> when a party claims ineffective assistance of counsel for the first time on direct appeal, the Mississippi Supreme Court has stated that "the proper resolution is to deny relief without prejudice to the defendant's right to assert the same claim in a post-conviction relief proceeding," because there is usually inadequate evidence in the trial record to support the claim.

*Colburn v. State*, 990 So. 2d 206, 214 (¶22) (Miss. Ct. App. 2008) (quoting *Willis v. State*, 811 So. 2d 450, 454 (¶8) (Miss. Ct. App. 2001)).  Additionally, we would decide such an issue on direct appeal only if

> (1) the record affirmatively shows ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding without consideration of the findings of fact of the trial judge.

*Colenburg v. State*, 735 So. 2d 1099, 1101 (¶5) (Miss. Ct. App.1999).

¶10.    In this case, the parties have not stipulated that the record is adequate to allow the appellate court to make a finding on Hinton's constitutional claim of ineffective assistance of counsel.  Moreover, our review of the record as it stands before us does not affirmatively show that Hinton's representation was ineffective.  However, Hinton ought to be given the opportunity to make a record on this issue in a properly filed application for leave to file a motion for post-conviction relief pursuant to Mississippi Code Annotated section 99-39-7 (Rev. 2015), if she so chooses.  As we stated in *Brisco v. State*, 295 So. 3d 498 (Miss. Ct.

4

App. 2019),

> because appellate courts are limited to the trial record on direct appeal, generally ineffective-assistance-of-counsel claims are more appropriately brought during post-conviction proceedings. *Pace v. State*, 242 So. 3d 107, 118 (¶28) (Miss. 2018). We believe that Brisco's claims would be better developed through a petition for post-conviction relief (PCR). Accordingly, Brisco's claims to ineffective counsel are dismissed without prejudice to her right to raise the issues in a properly filed PCR petition.

*Id*. at 521 (¶63).

¶11. Accordingly, because the only challenge Hinton raises to her conviction is the claim of ineffective assistance of counsel, which we decline to address, we affirm her conviction and sentence and we dismiss Hinton's claim of ineffective assistance of counsel without prejudice to her right to raise it in a motion for post-conviction collateral relief.

¶12. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, LAWRENCE AND McCARTY, JJ., CONCUR.**